## Wytheville.

### CHARLES MARTIN v. COMMONWEALTH.

June 17, 1926.

1. INTOXICATING LIQUOR—*Manufacturing—Evidence Sufficient to Support Conviction.*—In the instant case accused was convicted of manufacturing ardent spirits, three officers discovered a still about three-fourths of a mile from the house of accused, it was not upon accused's land but easily approached from his house by a public road and an old road diverging therefrom, much traveled to a point near the still but no farther. The officers concealed themselves and saw a man whom all three positively identified as the accused come to the door of the still. The officers made a detour and entered the still house about thirty minutes later, they found and arrested two young men, who attempted to escape. These young men lived at the house of accused. The Commonwealth introduced testimony that the accused had the reputation of making liquor.

   *Held:* That the evidence was sufficient to support a verdict of guilty.

2. NEW TRIAL—*After Discovered Evidence—Affidavits Vague.*—On a motion for a new trial for after discovered evidence where the defense was an alibi, affidavits that are vague and fail to discredit the evidence for the Commonwealth as to the presence of accused at a still at the time in question were worthless.

3. NEW TRIAL—*Newly Discovered Evidence—Due Diligence.*—In the instant case accused, whose defense was an alibi, sought a new trial on the ground of newly discovered evidence. To support his motion, accused introduced the affidavits of two merchants with whom accused claimed to have had business transactions on the day in question and another who called at the home of accused and left a message. These would have established the alibi, unless the jury concluded that their recollections of the precise date and hours of the day so long after the event, five months, were unreliable. There was no sufficient reason given for failure to produce this testimony at the trial.

   *Held:* That the evidence could not be held to be after discovered nor such as could not have been with due diligence produced at the trial.

4. NEW TRIAL—*After Discovered Evidence—Change in Result.*—After discovered evidence to be a ground for new trial must be such evidence that, if it had been introduced at the trial, would probably have changed the result.

Error to a judgment of the Circuit Court of Notto-way county.

*Affirmed.*

The opinion states the case.

*W. Moncure Gravatt* and *H. H. Watson,* for the plain-tiff in error.

*Jno. R. Saunders, Attorney General, Leon M. Bazile* and *Lewis H. Machen, Assistant Attorneys General,* for the Commonwealth.

PRENTIS, P., delivered the opinion of the court.

The accused has been convicted of manufacturing ardent spirits, and is here assigning two errors.

The first assignment is that the court erred in refusing to set aside the verdict as contrary to the law and the evidence.

The testimony relied upon by the Commonwealth may be thus summarized:  Three officers, having in-formation that there was a still in that neighborhood, discovered one about three-fourths of a mile, by the roads traveled, from the house of the accused.  It was not upon his land, but was easily approached from his house by a public road and an old road diverging there-from, much traveled to a point near the still but no far-ther.  These officers, concealed in the undergrowth, or woods, saw a man whom they all three positively identi-fied as the accused, Martin, come to the door of the still house at about noon, or shortly thereafter.  Thinking it best for their purpose to do so, they then made a de-tour and entered the still house about thirty minutes later.  They found there two young men, Elmer Davis and Joe Davis, who attempted to escape.  They arres-

ted the accused at his own home between two and three o'clock that afternoon, and recognized him as the man they had seen at the still. When arrested the accused was dressed in a blue shirt and overalls, and had on a straw hat, and they testified that the man they saw at the still was dressed in the same way. The officers had information that the accused had been selling whiskey, and the sheriff and three other citizens of Nottoway county testified that the accused had the reputation of making liquor. The two young men found at the still lived at his house. It is unnecessary to recite other details, for there is nothing which weakens that which we have recited.

[1] The accused did not testify. This bare recital is enough, as we think, to show that the court committed no error in refusing to set aside the verdict which was based thereon.

The second assignment is that the court erred in refusing to set aside the verdict because of after-discovered evidence based on certain affidavits tendered in support of that motion.

The only evidence for the accused at his trial was that tending to prove an alibi, and to show that he could not possibly have been at the still at the time stated, because on the morning of that day he had gone with his wife in an automobile to Petersburg, thirty-three miles distant, and that he had only reached his home shortly before he was arrested. He undertook to prove this alibi by the testimony of four witnesses. If the jury had believed either one of them, they would have acquitted him.

[2, 3] After the trial the affidavits of eleven persons to substantiate this defense were tendered as after-discovered evidence. At least four of them are worthless for that purpose, for they are vague and fail to discredit the evidence for the Commonwealth as to his presence

at the still at about noon. There are also the affidavits of a traffic officer of Petersburg, and of three others, who claimed to have seen him pass along the road, of whose testimony there is no reason to suppose the accused had any knowledge at the time of his trial, for he had no communication with either of them on that day. The others, however, are two merchants, one of Petersburg and another in the neighborhood with whom the accused claimed to have had business transactions on that day, and another who called at his home and left a message. These would have established the alibi, unless the jury concluded that their recollection of the precise date and hours of the day so long after the event, five months, was unreliable. There is, however, no sufficient reason given for the failure to produce this testimony, so far as it was material, at the trial. He certainly would have been able, with the aid of his wife, who was not examined as a witness, to remember the persons with whom they came in personal contact on their trip to Petersburg, and he had ample time to have them summoned. Evidence of such a character cannot be held to be after-discovered, or such as could not have been with due dilligence produced at the trial.

[4] Nor is it at all probable, in view of the positive identification by three witnesses for the Commonwealth and his general reputation as a violator of the prohibition law, that such evidence, even if it had been introduced, would have changed the result.

It is clear then that the trial court committed no error, and that the judgment should be affirmed.

*Affirmed.*